

FILED

February 24, 2010

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002438965

1 BETH MAXWELL STRATTON
CHAPTER 7 TRUSTEE
2 Post Office Box 3930
Pinedale, CA 93650
3 Telephone: (559) 441-4233
Facsimile: (559) 441-4234
4

5

UNITED STATES BANKRUPTCY COURT
6
EASTERN DISTRICT OF CALIFORNIA
7
FRESNO DIVISION
8

| | |
|---|---|
| In the Matter of | Case No. 06-10342-A-7 |
| | Chapter 7 |
| RODGER L. McAFEE, | DC No. BMS -5 |
| Debtor. | **MOTION AUTHORIZING SALE OF PERSONAL PROPERTY** |
| | DATE: 3/17/10<br>TIME: 9:00 A.M.<br>DEPT: A, 5th Floor, Hon. Whitney Rimel |

17        TO THE HONORABLE WHITNEY RIMEL, UNITED STATES

18 BANKRUPTCY JUDGE:

19        Beth Maxwell Stratton, Chapter 7 Trustee herein ("Applicant"), hereby submits

20 this motion for authority to sell the estate's remainder interest in the probate estate of

21 Mae McAfee:

22        1.        Debtor filed his Chapter 11 petition on March 27, 2006, and an order for

23 relief was entered. Beth Maxwell Stratton was appointed Chapter 11 Trustee on

24 May 15, 2006. This case was converted to Chapter 7 on October 18, 2006, Applicant

25 was appointed Chapter 7 Trustee.

26        2.        The primary asset in this case was a large parcel of real property located

27 in El Nido, California. Applicant employed real estate brokers and eventually, a

28 buyer was found. There were various lienholders on the property with the United

1

States of America being the largest creditor, being owed over $6,800,000. The other large asset was the bankruptcy estate's interest in the Mae McAfee probate estate.

3. The real property has been liquidated. Trustee has received substantial sums from the Mae McAfee probate estate. At this time, the only remaining asset of this bankruptcy estate is its remaining interest in the Mae McAfee probate estate. The administrator in that probate estate is still holding $150,000, $75,000 of which is earmarked to be distributed to this bankruptcy estate. The administrator, however, will not make that final distribution until the expiration of three years from the date he filed the probate estate's tax return; he is keeping the funds just in case a taxing agency performs an audit and makes a further assessment. While the administrator does not anticipate that, he is being cautious. Assuming no assessment, the administrator will not disburse that money to this bankruptcy estate until approximately Fall 2011.

4. The other beneficiary of the Mae McAfee probate estate is Robert McAfee, brother of the deceased debtor. Robert McAfee has agreed to purchase the bankruptcy estate's remaining interest in the Mae McAfee probate estate for the sum of $37,500. He does so taking all risks of depletion of those funds by way of tax assessment or otherwise.

5. Trustee is of the opinion that the sale is in the best interest of the estate in that it eliminates trustee having to keep the estate open for an additional 1 1/2 years, getting funds to creditors sooner. In addition, it eliminates the risk of receiving less than the $37,500 in the event of assessment or other expenses of the probate estate.

For the above reasons, Trustee requests the court approve the sale.

Dated: 2/28/10 .

Beth Maxwell Stratton, Chapter 7 Trustee

2